UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LETICIA LOPEZ <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> PLAINTIFF <br> v. <br><br> ED LAUNDROMAT, INC. <br> D/B/A RMB LAUNDROMAT / <br> 1234 Elden Street <br> Herndon, Virginia 20170 <br><br> SERVE:   Katherine Lee <br>              5103-B Backlick Road <br>              Annandale, Virginia 22003 <br><br> And <br><br> KATHERINE LEE <br> 5103-B Backlick Road <br> Annandale, Virginia 22003 <br><br> And <br><br> GI HONG LEE <br> 5103-B Backlick Road <br> Annandale, Virginai 22003 <br><br> DEFENDANTS | Case No.: |

## COMPLAINT

Plaintiff Leticia Lopez ("Plaintiff") brings this action against ED Laundromat, Inc. d/b/a RMB Laundromat ("RMB Laundromat") and its owners Katherine Lee and Gi Hong Lee, individually ("Mr. and Mrs. Lee") (collectively, "Defendants") for unpaid wages, statutory liquidated damages, and other relief relating to and arising out of Defendants' violations of the

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). In support of her claim, Plaintiff states the following:

## THE PARTIES

1. Plaintiff is an adult resident of Herndon, Virginia.

2. By acting as the named plaintiff in this action, Plaintiff does hereby affirm, in writing, her consent to recover unpaid wages and damages against Defendants under the FLSA.

3. RMB Laundromat is a corporation formed under the laws of the Commonwealth of Virginia.

4. At all times relevant to this action, RMB Laundromat operated as a laundromat in Herndon, Virginia.

5. During the period of Plaintiff's employment, RMB Laundromat used and sold cleaning and laundry supplies to the public that passed in interstate commerce.

6. During the period of Plaintiff's employment, RMB Laundromat was an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

7. At all times during her period of employment, Plaintiff and other employees of Defendants individually used cleaning and laundry supplies in the performance of their job duties for Defendant such that Plaintiff was individually engaged in interstate commerce of the production of goods for interstate commerce and is therefore covered under the "individual coverage" provision of the FLSA. *See* 29 U.S.C. § 207(a)(1).

8. In each year relevant to this action, RMB Laundromat had an annual gross volume of sales made or business done of not less than $500,000.00.

9. At all times relevant to this action, Mr. and Mrs. Lee were the primary owners and managing officers of RMB Laundromat.

10. At all times relevant to this action, Mr. and Mrs. Lee set the work schedule, work hours, and rate and method of compensation for all employees of RMB Laundromat, including Plaintiff.

11. At all times relevant to this action, Mr. and Mrs. Lee each had full power and authority to hire, fire, and discipline all employees of RMB Laundromat, including Plaintiff.

12. At all times relevant to this action, Mr. and Mrs. Lee each were responsible for keeping and maintaining employee records for all employees of RMB Laundromat, including Plaintiff.

13. At all relevevant times, all Defendants, including Mr. and Mrs. Lee individually, qualified as Plaintiff's "employer" or "joint employers" within the meaning of the FLSA.

14. At all relevant times, Plaintiff was Defendants' "employee" within the meaning of the FLSA.

## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

16. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in Fairfax County, Virginia, a geographic region of the Eastern District of Virginia.

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants operates its laundromat business operation within this District, and under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this District.

18. Plaintiff was employed by Defendants at their RMB Laundromat during the period of at least 2015 through about January 2021. The period relevant to this action is the 3-year statutory recovery period, March 2018 through January 2021.

19. During the period of about 2018 through about March 2019, Plaintiff customarily worked 7-days per week, for a total of about 70 hours per week.

20. From about April 2019 through about June 2020, Plaintiff customarily worked about 50 hours per week.

21. From about July 2020 until the end of her employ, Plaintiff customarily worked about 40 or less hours per week.

22. As to her compensation, Defendants paid Ms. Lopez as an hourly employee at the rate of $16.00 per hour, raised to $17.00 per hour in 2020.

23. At no time during Plaintiff's period of employment did Defendants ever pay Plaintiff as a salaried employee.

24. At no time did Plaintiff perform job duties for Defendants that would qualify Plaintiff as "exempt" from the FLSA time-and-one-half overtime compensation requirements.

25. At no time was Plaintiff in charge of hiring or firing employees or setting employee's rate of compensation, method of compensation, and/or work schedule or hours.

26. At all times during Plaintiff's employment, Mr. and Mrs. Lee were exclusively in charge of hiring/firing employees, setting employee compensation, and setting employee schedules and hours. As to these decisions, Plaintiff's role was limited to interpreting between Mr. and Mrs. Lee who were not fluent in Spanish and Defendants' other employees that were exclusively Spanish language speakers.

27. Defendants failure to pay Plaintiff overtime wages at the time-and-one-half is in direct violation of the FLSA overtime compensation requirement.

28. Defendants now owe Plaintiff her "half time" overtime wage premium for all overtime Plaintiff worked over forty (40) hours per week during the 3-year statutory recovery period in the amount of about $19,250.00.

29. At all times during Plaintiff's period of employment, Defendants had actual knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

30. At all times relevant, Defendants purchased and posted a United States Department of Labor Poster and displayed it prominently in the employee are of Defendants' laundromat business location.

31. In relevant part, the Department of Labor Poster provided Defendants and its managers and agents with actual knowledge and notice that employees like Plaintiff must be paid overtime compensation at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours per week.

32. At all times relevant to this action, Defendants had actual knowledge that the rate and method by which it paid Plaintiff was in violation of the FLSA.

33. At all times relevant to this action, Defendants had actual knowledge their failure to pay Plaintiff at the FLSA required time-and-one-half rate for all overtime hours Plaintiff worked more than (40) per week constituted a violation of the FLSA overtime pay requirement.

34. At all times relevant to this action, Defendants attempted to willfully and intentionally hide their failure to pay Plaintiff time-and-one-half overtime wages by paying Plaintiff by payroll for non-overtime hours worked up to forty (40) hours per week and cash, at

Plaintiff's regular hourly rate paid "under the table" for overtime Plaintiff worked over forty (40) hours per week.

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*

35. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

37. Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

38. Defendants knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff proper overtime compensation for all overtime worked over forty (40) hours per week in violation of the FLSA.

39. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

40. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages in an equal amount to unpaid overtime wages owed, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Judgment against Defendants for violations of the overtime provisions of the FLSA;

B. Judgment against Defendants finding their violation of the overtime provision of the FLSA was willful, intentional, and not the product of good faith;

C. An award to Plaintiff in the amount of unpaid overtime wages due and owing to Plaintiff and liquidated damages in an equal amount;

D. An award of any pre- and post-judgment interest;

E. An award of reasonable attorneys' fees (at hourly rates in line with the Vienna Metro Matrix) and costs to be determined by post-trial petition; and

F. Such further relief as may be necessary and appropriate.

Dated: March 11, 2021

Respectfully Submitted:

*[signature]*

Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue., Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff*