## IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| LETICIA LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-302 |
| ) | |
| ED LAUNDROMAT, INC., ET AL. ) | |
| ) | |
| Defendants. ) | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Leticia Lopez ("Plaintiff") and Defendants ED Laundromat, Inc., Katherine Lee, and Gi Hong Lee ("Defendants") (Plaintiff and Defendants are collectively the "Parties"), jointly move that Court approve the settlement reached in this matter. In support of this Motion, the parties state as follows:

**I.   INTRODUCTION**

Plaintiff filed this action on March 11, 2021, alleging a one-count claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). On June 23, 2021, Defendants filed their Answer and defenses to Plaintiff's Complaint. Thereafter, the Parties participated in formal discovery, including an exchange of documents, sworn interrogatory responses, and depositions of the Parties and fact witnesses. Following the conclusion of discovery, the Parties filed and fully briefed Cross-Motions for Summary Judgment.

While the Parties Summary Judgment Motions remained pending with the Court, and pursuant to an Order of the Court, on Tuesday, May 17, 2022, the Parties participated in a Settlement Conference with United States Magistrate Judge Theresa Buchanan. With the assistance of Judge Buchanan, the Parties negotiated and mutually agreed to a full and final

settlement of Plaintiff's claims against Defendants, memorialized in the Settlement Agreement attached hereto as Exhibit 1.

Insofar as the Parties have resolved Plaintiff's claims, the Parties now seek this Court's approval of the settlement because settlement of an FLSA lawsuit must be approved by either a District Court or the U.S. Department of Labor. *Martinez v. HDS Lawn Maint. & Landscaping, Inc.*, 2017 WL 11506334, at *1 (E.D. Va. 2017).

## II.   THE COURT SHOULD APPROVE THE SETTLEMENT

The standards for approval of an FLSA settlement were reviewed in *Brockman v. Keystone Newport News, LLC*, 2018 WL 4956514 *2 (E.D. Va. 2018), as follows:

> In evaluating a FLSA settlement agreement, the Court must determine three things: (1) that the FLSA issues are "actually in dispute"; (2) that the settlement is a "[r]easonable compromise over the issues"; and (3) if there is a clause on attorneys' fees then the award must reasonable and independently assessed. *Hendrix v. Mobilelink Va.*, L.L.C., No. 2:16-cv-394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017) (citations omitted). Generally, "where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute,' the settlement will be approved. *Duprey v. Scotts Co. L.L.C.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (quoting *Lynn's Food Stores*, 679 F.3d at 1354).[1]

As set forth in greater detail below, the settlement satisfies the requisite criteria.

### A.   The Settlement Resolves a Bona Fide Dispute of FLSA Claims.

The Parties' FLSA settlement represents a resolution of a *bona fide* dispute. During the relevant statutory recovery period March 2018 through January 2021, Plaintiff was employed by Defendants as a Store Manager at Defendants' R&B Laundromat in Herndon, Virginia. Arising therefrom, Plaintiff alleges she was a non-exempt employee, paid on an hourly basis, and that Defendants failed to pay Plaintiff at the FLSA required time-and-one-half rate for overtime Plaintiff worked for Defendants' benefit in excess of forty (40) hours per week.

---

[1] *Lynn's Food Stores v. United States*, 679 F.3d 1350 (11th Cir. 1982).

Defendants defend and vigorously oppose Plaintiff's FLSA claims, primarily, on two (2) defenses.  First, Defendants contend Defendants do not qualify as "employers" as under the FLSA because Defendants operate a wholly intra-state business operation, outside of the coverage of the FLSA.  In the alternative, Defendants contend Plaintiff was paid on a salary basis and Plaintiff performed primary job duties falling within the Administrative Exemption to the FLSA time-and-one-half overtime compensation requirement.  Accordingly, there is a *bona fide* dispute regarding if **any** overtime wages are owed to by Defendants to Plaintiff arising from Plaintiff's employment.

    **B.**    **The Settlement Agreement is a reasonable compromise.**

This Court considers the following in determining whether the settlement is a "reasonable compromise,":

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Brockman v. Keystone Newport News, LLC*, 2018 WL 4956514 at *2 (quoting *Hendrix v. Mobilelink Va., L.L.C.*, 2017 WL 2438067, at *1).

    **i.**    **Extent of Discovery**

The settlement was reached after the Parties fully participated in discovery.  At the time of settlement, the Parties were fully aware of the factual and legal support of the Parties' claims and defenses, and the settlement reached fully considers the strengths and weaknesses of the Parties' positions.

    **ii.**    **Stage of Proceedings**

The Parties reached settlement with the assistance of Judge Buchanan after the conclusion

of the discovery period and after the Parties fully briefed Cross-Motions for Summary Judgment. The Parties reached settlement in recognition of the risks to each side of the outcome of Summary Judgment and, if necessary, trial. Furthermore, this matter was resolved prior to the Parties incurring substantial fees and costs associated with trial scheduled for June 2022, and potential appeals by the Parties following judgment.

### iii. Absence of Fraud or Collusion

There is presumptively no fraud or collusion between the parties "in the absence of any evidence to the contrary." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *12 (E.D. Va. Sept. 28, 2009). The Parties reached settlement after a full discovery period and with the assistance of Judge Buchanan through informed, arms-length negotiations. The settlement and negotiations were devoid of any indicia of fraud or collusion.

### iv. Counsel's Experience

Counsel for both sides have extensive experience with FLSA cases.

### v. Opinions of Both Parties Counsel

Counsel for both sides believe the settlement is fair and reasonable.

### vi. Probability of Plaintiff's Success and Potential Recovery

As noted above, Plaintiff's FLSA claims are highly disputed and if Defendants succeed on their position, Plaintiff would be entitled to zero recovery. Despite the *bona fide* dispute as to the merits and Plaintiffs' entitlement to any recovery, the parties agreed that a payment of claimed overtime wages in the amount of $7,500 to Plaintiff represents a fair compensation for Plaintiff's alleged unpaid overtime wage claim. This figure is based on approximately 1.35x Plaintiff's claimed unpaid overtime wages for the 2-year non-willful FLSA statutory recovery period

(approximately $5,500.00). This amount is eminently fair considering both parties face risk and uncertainty as to success on the merits, as described in further detail *supra*.

### C. The attorneys' fees and costs are reasonable.

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fee fight over the amount of attorneys' fees, the parties here were able to reach a resolution of the claim for attorneys' fees and costs.

The Settlement Agreement provides that Plaintiff's counsel will receive $27,500.00 as payment of Plaintiff's attorney's fees and out-of-pocket litigation expenses. In determining an award of reasonable attorney's fees, the Court must determine a lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In assessing the reasonability of the lodestar figure, the Court customarily references the "*Johnson* factors" enumerated in *Johnson v. Georgia Highway Express., Inc*., 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc*., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. at 226 n.28.3[2]

To calculate the proper award of attorneys' fees, the Court should "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir. 1986). In determining whether Plaintiff's counsel Gregg C. Greenberg's settlement fee and cost recovery is reasonable, this Court references the hourly rates in the legal community where this action is litigated. *See Robinson*, 560 F.3d at 244. "To this end, courts in the Eastern District of Virginia employ the *Vienna Metro* matrix." *Gomez v. Seoul Gool Dae Gee Inc.*, 2020 U.S. Dist. LEXIS 10156, at *2 (E.D. Va. 2020) (collecting cases) (citing *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011)). Courts in this District have observed "[t]he [*Vienna Metro*] matrix's hourly rate calculation accounts for "[*Johnson*] factors (3) skill required, (5) customary fee, (9) the experience, reputation, and ability of the attorney, and (12) fee awards in similar cases by providing a stable and consistent rate for northern Virginia attorneys, based on their skill in commercial litigation cases and years of experience." *Entegee, Inc. v. Metters Indus., Inc.*, 2018 U.S. Dist. LEXIS 121222, at *3 (E.D. Va. 2018)).

Plaintiff's counsel Gregg C. Greenberg[3]'s lodestar at the time of settlement calculated to attorney's fees in the amount of $60,580.00, representing 116.5 hours of attorney billing at the

---

[2] "The court need not independently address each factor because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

[3] Gregg C. Greenberg received my Juris Doctor from the University of Detroit Mercy School of Law in May 2007 and has been licensed to practice law continuously since 2007. He is licensed to practice law in Federal and State courts in Maryland, Virginia, and the District of Columbia. Every year since 2014, he has been nominated by his peers as a Super Lawyer in Maryland and the District of Columbia in the practice area of Employment Litigation for Plaintiffs and he currently serves as the Vice President of the Maryland Employment Lawyers Association. For the entirety of his legal career, he has concentrated my law practice on representing individuals and classes of individuals with claims related to their employment, with a focus on prosecuting state and Federal wage and hour claims.

6

lowest appropriate *Vienna Metro* matrix billing rate of $520.00 per hour, plus an award of litigation expenses in the amount of $5,281.21 Given the risks associated with Summary Judgment and trial in this matter, and because Plaintiff was satisfied with a recovery of damages in the amount of $7,500.00, Gregg C. Greenberg, agreed to reduce his settlement recovery of attorney's fees and costs by more than one-half to $27,500.00. Based upon the foregoing, the attorney fee and cost recovery set forth in the Parties' Settlement Agreement is fair and reasonable. *See Taylor v. Republic Servs., Inc.*, 2014 U.S. Dist. LEXIS 11086, at *5 (E.D. Va. 2014).

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court approve the Settlement Agreement and enter the Proposed Order provided as an attachment to the parties' motion, thereby dismissing Plaintiff's Complaint with prejudice.

Date: June 15, 2022

---

Pursuant to the *Vienna Metro* matrix, his Fourteen (14) years of experience as a licensed and active attorney positions me in the *Vienna Metro* matrix bracket for practitioners with 11-19, under which hourly billing rates between $520.00 - $770.00, are considered by this Court as customary and reasonable for Federal Court litigators in Northern Virginia.

7

                                                  Respectfully submitted,

| **/s/ Gregg C. Greenberg** | **/s/ Christopher T. Robertson** |
|---|---|
| Gregg C. Greenberg, VA Bar No. 79610 | J. Chapman Peterson, VA Bar No.: 37225 |
| Zipin, Amster & Greenberg, LLC | Christopher T. Robertson, VA Bar No. 93732 |
| 8757 Georgia Avenue, Suite 400 | Chap Petersen & Associates, PLC |
| Silver Spring, Maryland 20910 | 3970 Chain Bridge Road |
| Phone: 301-587-9373 | Fairfax, Virginia 22030 |
| Fax: 240-839-9142 | Phone: 571-459-2512 |
| Email: ggreenberg@zagfirm.com | Fax: 571-459-2307 |
| | Email: jcp@petersenfirm.com |
| *Counsel for Plaintiff* |         cr@petersenfirm.com |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was caused to be served June 15, 2022, via the transmission of a notice of electronic filing via the Court's ECF system upon the following:

                      /s/ Gregg C. Greenberg
                      Gregg C. Greenberg