# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into by and between LETICIA LOPEZ ("Ms. Lopez" or "Plaintiff"), ED LAUNDROMAT, INC., KATHERINE LEE, and GI HONG LEE, including their past and present parents, subsidiaries, affiliates, officers, directors, agents, assigns, representatives, and employees ("Defendants").

It is understood and agreed that the purpose of this Agreement is to resolve and settle all potential claims and disputes between Ms. Lopez and Defendants, including the claims set forth in the United States District Court for the Eastern District of Virginia, styled *Lopez v. ED Laundromat, Inc., et al.*, Case Number: 1:21-cv-00302-RDA-TCB, (the "Litigation").

Ms. Lopez and Defendants desire fully and finally to resolve the allegations raised in the Litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Ms. Lopez against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed relating to Ms. Lopez's employment with Defendants.

Ms. Lopez and her counsel represent that there are no other charges, actions, or claims pending on Ms. Lopez's behalf, other than those set forth in this paragraph.

In furtherance of this goal, and in consideration of the mutual covenants and promises herein, the sufficiency of which is hereby acknowledged, Ms. Lopez and Defendants (collectively "the Parties") have agreed upon the following terms:

1. <u>Payment to Ms. Lopez</u>.

   i. In consideration for this Agreement, Defendants shall pay to Ms. Lopez and her attorneys the total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) (the "Payment").

   ii. The Payment shall be paid in three (3) checks apportioned as follows:

   a. $3,750.00, paid to the order of Ms. Lopez as alleged back wages, paid by payroll check, subject to required tax and related payroll withholdings and deductions;

   b. $3,750.00, paid to the order of Ms. Lopez as alleged non-wage statutory liquidated damages, paid by check or money order, without deductions and/or withholdings; and

   c. $27,500.00, paid to the order of Ms. Lopez's attorneys, Zipin, Amster & Greenberg, LLC, as alleged attorney's fees and litigation expenses, paid by check or money order, without deductions and/or withholdings.

   iii. To facilitate Defendants' issuance and payment of the Payment described in Paragraph 1(ii)(a)-(c), Ms. Lopez will deliver to Defendants' counsel a completed IRS Form W-4 and IRS Form W-9 and Ms. Lopez's attorneys will deliver a completed IRS Form W-9 with Ms. Lopez's executed copy of this Agreement.

   iv. Defendants shall deliver the full Settlement Payment to Ms. Lopez's attorneys Zipin, Amster & Greenberg, LLC, and delivered to Ms. Lopez's attorneys' office located at 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20190, within ten (10) calendar

days following the Court's approval of this agreement and dismissal of the Litigation, with prejudice.

   v. The Payment shall be inclusive of all claims for attorneys' fees, costs, and expenses, and no other payments of any kind will be made by Defendants pursuant to this Agreement.

   vi. Within five (5) business days following Ms. Lopez's execution of this Agreement, the Parties shall jointly file a Motion with the Court seeking Court Approval of this Settlement Agreement and Dismissal of the Litigation, With Prejudice. The Parties affirm they have and will direct their attorneys to promptly take all actions so required by the Court to effectuate the Court's timely approval of this Agreement, and Dismissal of the Litigation, With Prejudice.

  2. <u>Mutual Waiver and Release of Claims</u>.

   i. In exchange for the payment identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Ms. Lopez, on her own behalf and on behalf of her descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agrees unconditionally to release and discharge Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, attorneys, and all persons acting in concert with them, from any and all claims that Ms. Lopez might otherwise have had a right to pursue against Defendants or any of them at any time prior to the execution of this Agreement and from any and all claims otherwise relating to any facts, circumstances or other matters which arose at any time prior to the execution of this

Agreement. The Parties understand the word "claims" to include, without limitation, any complaints, charges, disputes, rights, wage or benefit payment issues, damages, or liabilities of any kind that may have arisen during or relate to Ms. Lopez's employment with Defendants, including any and all claims that could be brought under any federal, state or local statute, regulation, executive order, public policy, common law, or any other law that provides protection to employees or other individuals, and including but not limited to the claims brought by Ms. Lopez in the Litigation. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, Section 503 and 504 of the Rehabilitation Act of 1973, the Family and Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Workers' Adjustment and Retraining Notification Act, as amended, and any other federal, state, or local statutory law, regulation, code or ordinances, executive orders, or common laws concerning human rights, discrimination, or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, any and all claims for attorney's fees, and any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages. This release does not extend to claims that cannot be released as a matter of law, but the Parties acknowledge their intent that this release be construed as broadly as legally permissible.

    ii.    In exchange for Ms. Lopez's dismissal of the Litigation, with prejudice, and in exchange for the other considerations supporting this Agreement, Defendants, their

shareholders, executives, managers, officers, directors, supervisors, fully, finally and forever agree unconditionally to release and discharge from any and all claims that Defendants might otherwise have had a right to pursue against Ms. Lopez at any time prior to the execution of this Agreement and from any and all claims otherwise relating to Ms. Lopez's employment by the Defendants.  The Parties understand the word "claims" to include, without limitation, any complaints, charges, disputes, damages, or liabilities of any kind that relate to Ms. Lopez's employment with Defendants, including any and all claims that could be brought under any federal, state or local statute, regulation, executive order, public policy, common law, or any other law.  These claims and rights released include any other federal, state, or local statutory law, regulation, code or ordinances, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, any and all claims for attorney's fees.  This release does not extend to claims that cannot be released as a matter of law, but the Parties acknowledge their intent that this release be construed as broadly as legally permissible.

3.    <u>Non-Admission and Ms. Lopez is Not Prevailing Party</u>.  This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the Parties agree that Defendants' willingness to settle the claims in the Litigation is not an admission of any liability regarding any claim or legal theory.  Ms. Lopez shall not be considered a prevailing party for any purpose.

4.    <u>Confidentiality.</u>  Ms. Lopez and Defendants agree to keep confidential the facts and circumstances giving rise to this Agreement and all terms and conditions of this Agreement, including the existence of the Agreement and the amount of the payment.  If Ms.

Lopez or any Defendant is asked about the Litigation or any of the claims raised therein, they will respond by saying only, "the matter/claim has been dismissed." This confidentiality obligation does not apply to any situation in which Ms. Lopez or any Defendant is required by court order, subpoena, or otherwise required by law to disclose the existence or terms of this Agreement, nor does the confidentiality provision preclude disclosure by Ms. Lopez or Defendants for purposes of responding to an audit, tax and/or other legal compliance, or to Ms. Lopez's or Defendants' owners or officers' spouses, partners, significant others, counsel, or to any tax consultants, provided the disclosing party also discloses to such individual the existence of this confidentiality obligation and the fact that the confidentiality obligation extends to such individual as well.

     5.     <u>Acknowledgment</u>.  Ms. Lopez acknowledges no representation, promise or inducement has been made other than as set forth in this Agreement, and that she enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Ms. Lopez further acknowledges and represents that she assumes the risk for any mistake of fact now known or unknown, and that she acknowledges the consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Ms. Lopez also acknowledges that, prior to executing this Agreement, she has (a) consulted with or has had the opportunity to consult with an attorney of her choosing concerning this Agreement and has been advised to do so by Defendants; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice.  Ms. Lopez acknowledges that she has been given a reasonable time to consider the terms of this Agreement.

6. <u>No Direct Re-Employment.</u> Ms. Lopez agrees that, as a condition of this Agreement, Ms. Lopez further agrees never to apply for employment, or seek to contract, under a direct employment relationship directly with Defendants and/or any business entity in which Mr. or Mrs. Lee hold at least a 40% ownership interest. Ms. Lopez further agrees that this Agreement shall be used as the basis for Defendants not to directly hire, rehire or retain her as a direct employee after her execution of this Agreement. Ms. Lopez acknowledges and agrees that she has no right to direct employment or re-employment with Defendants and they may legally refuse to employ her as a direct employee.

7. <u>Neutral Confirmation of Employment.</u> Defendants agree to provide Ms. Lopez a neutral confirmation of employment for Ms. Lopez to any prospective employers for Ms. Lopez and that Ms. Lopez. The only information given by Defendants to the direct inquiries will be Ms. Lopez's name, dates of employment, and her job title.

8. <u>ADEA</u>. Ms. Lopez recognizes and understands that by executing this Agreement, she will be releasing the Company Entities from any claims he now has, may have, or subsequently may have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, as amended, by reason of any matter or thing arising out of, or in any way connected with, directly or indirectly, any acts or omissions which have occurred prior to and including the Effective Date of this Agreement. In other words, Ms. Lopez will have none of the legal rights against the aforementioned that he would otherwise have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, as amended, by her signing this Agreement.

9.

11. <u>Payment of Applicable Taxes.</u>  Ms. Lopez is and shall be solely responsible for all federal, state, and local taxes that may be owed by her by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Ms. Lopez agrees to indemnify and hold Defendants harmless from any and all liabilities, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations that may arise from the monetary consideration paid to Ms. Lopez under this Agreement.

12. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, and by electronic PDF format or facsimile signature, each of which shall be deemed an original and all of which shall constitute one in the same Agreement.

13. <u>Choice of Law</u>.  The laws of Virginia shall apply to any disputes arising from or under this Agreement, or with respect to its interpretation, without regard to its conflict of law principles, except where the application of federal law applies.  In the event any of the parties seek to enforce the terms of this Agreement, she/it/they shall do so in the Circuit or General District Court for Fairfax County, Virginia.

14. <u>Entire Agreement</u>.  This Agreement sets forth the entire Agreement between the Parties with respect to all disputes or claims that Ms. Lopez has or could have had against Defendants, and fully supersedes any and all prior negotiations, agreements, or understanding, whether written or oral, between the parties pertaining to the subject matter of this Agreement.  This Agreement shall not be changed unless in writing and signed by both Ms. Lopez and a Defendants' authorized agents.

15. <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Ms. Lopez that is not invalid.

16. <u>Headings</u>.  The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement. 17. <u>Attorney Fees and Costs</u>.  If any litigation is commenced in connection with any dispute under this Agreement, the prevailing party in such litigation shall be entitled to reimbursement of all reasonable attorneys' fees and expenses incurred by such prevailing party in connection with such litigation from the non-prevailing party.

DATED: May 23, 2022 _____
Leticia Lopez (May 23, 2022 20:10 EDT)
LETICIA LOPEZ

DATED: 5/25/2022 _____
ED LAUNDROMAT, INC.

PRINT NAME / TITLE: Gihong Lee  OWNER

DATED: 5/25/2022 _____
GI HONG LEE

DATED: 5/25/2022 _____
KATHERINE LEE